**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | CASE NO. 1:12-cv-01757-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| STEPHEN MAYBERG, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Richard S. Kindred, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2012. The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Summary of Claims

Plaintiff, a civil commitment patient at Coalinga State Hospital in Coalinga, California, alleges that Defendants Stephen Mayberg, Frank Maul, Brian Martinez, Jyotishna Narayan, Amanda Prosser, Henery Obinwanne, David Ward, Jay Werland, Ricky Smith, Christopher Munoz, Alphonsus Paruguya, and J. Ramirez violated his rights by illegally searching him, his living area, and his property. Plaintiff further alleges that the searches were videotaped.

### B. Fourth Amendment Claims

The Fourth Amendment prohibits only unreasonable searches. Bell v. Wolfish, 441 U.S. 520, 558, 99 S.Ct. 1861 (1979); Byrd v. Maricopa Cnty. Sheriff's Dep't, 629 F.3d 1135, 1140 (9th Cir. 2011), *cert. denied*, 131 S.Ct. 2964 (2011); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails. Bell, 441 U.S. at 558-59 (quotations omitted); Byrd, 629 F.3d at 1141; Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder, 860 F.2d at 332-34.

While Plaintiff has not been convicted of a crime, he is involuntarily serving a civil commitment term at a secure facility; he is not a free individual with a full panoply of rights. Civil detainees are entitled to more considerate treatment and conditions of confinement than criminals

1   whose conditions of confinement are designed to punish, Youngberg v. Romeo, 457 U.S. 307, 322,
2   102 S.Ct. 2452 (1982) (quotation marks omitted), but maintaining facility security and effectively
3   managing the facility are unquestionably legitimate, non-punitive government interests, Jones v.
4   Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (quotation marks omitted).  The bare assertion that
5   Plaintiff was searched does not support a claim, as Plaintiff is not entitled to be entirely free from
6   institutional searches.  Bell, 441 U.S. at 558; see also Seaton v. Mayberg, 610 F.3d 530, 535-36 (9th
7   Cir. 2010) (civil detainee awaiting commitment proceedings was not a free person with full civil
8   rights).

9          With respect to Plaintiff's living area and property, there must be a "reasonable expectation
10  of privacy in the area invaded" for a Fourth Amendment claim to lie.  Espinosa v. City and County
11  of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010), *cert. denied*, 132 S.Ct. 1089 (2012); Hudson
12  v. Palmer, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984); Bell, 441 U.S. at 556-57.  The contours of an
13  involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are
14  unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area
15  at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil
16  confinement.  See Bell, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or
17  room at detention facility); see also Pesci v. Budz, No. 2:12-cv-227-FtM-29SPC, 2012 WL 4856746,
18  at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in
19  his dormitory); Rainwater v. Bell, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal.
20  Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable
21  expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10-3759 (PJS/JJG), 10-4236
22  (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion to dismiss should be
23  granted because a search of a civil detainee's personal items in his cell does not violate the Fourth
24  Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D. Minn. Jul. 29,
25  2011); Riley v. Doyle, No. 06-C-574-C, 2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil
26  detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband
27  searches because there is no reasonable expectation of privacy in avoiding routine cell inspections
28  and searches); but see Hoch v. Tarkenton, No. 1:10-cv-02258-DLB PC, 2013 WL 1004847, at *2

(E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (WD. Wash. May 7, 2012).

Therefore, Plaintiff's bare allegation that his living area and property were subjected to searches is insufficient to support a viable claim under the Fourth Amendment.

### C. Privacy Claim

Plaintiff also alleges a privacy violation. "[O]ne aspect of the liberty protected by the Due Process Clause of the Fourteenth Amendment is a right of personal privacy or a guarantee of certain areas or zones of privacy." Marsh v. County of San Diego, 680 F.3d 1148, 1153 (9th Cir. 2012) (citing Carey v. Population Servs. Int'l, 431 U.S. 678, 684, 97 S.Ct. 2010 (1977)) (internal quotation marks omitted). However, "rights found in the guarantee of personal privacy are limited to those which are fundamental or implicit in the concept of ordered liberty." Grummett v. Rushen, 779 F.2d 491, 493-94 (9th Cir. 1985) (citing Roe v. Wade, 410 U.S. 113, 152, 93 S.Ct. 705 (1973)) (internal quotation marks omitted).

Here, while Plaintiff retains a limited right of privacy while civilly committed, his complaint is devoid of any facts which suggest that Defendants engaged in any conduct which might infringe upon this limited right.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235.

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   March 21, 2013**              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE