# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RICHARD S. KINDRED,

              Plaintiff,

    v.

STEPHEN MAYBERG, et al.,

              Defendants.

_____/

CASE NO. 1:12-cv-01757-SKO PC

SECOND SCREENING ORDER DISMISSING
ACTION, WITH PREJUDICE, FOR FAILURE
TO STATE A CLAIM UNDER SECTION 1983

(Doc. 8)

### Second Screening Order

### I.    Screening Requirement and Standard

Plaintiff Richard S. Kindred, a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2012. On March 22, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on April 11, 2013.

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681

1

1    (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are

2    accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

3          Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt

4    resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,

5    627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive

6    screening, which requires sufficient factual detail to allow the Court to reasonably infer that each

7    named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks

8    omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that

9    a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

10    satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572

11    F.3d at 969.

12   **II.**    <u>**Discussion**</u>

13        **A.**    <u>**Summary of Claims**</u>

14          Plaintiff, a civil commitment patient at Coalinga State Hospital in Coalinga, California,

15    alleges that Defendants Stephen Mayberg, Frank Maul, Brian Martinez, Jyotishna Narayan, Amanda

16    Prosser, Henery Obinwanne, David Ward, Jay Werland, Ricky Smith, Christopher Munoz,

17    Alphonsus Paruguya, and J. Ramirez violated his rights by illegally searching him, his living area,

18    and his property without probably cause.  Plaintiff further alleges that at least one search, on

19    September 8, 2012, was videotaped, and that he was threatened.

20        **B.**    <u>**Fourth Amendment Claims**</u>

21          The Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520,

22    558, 99 S.Ct. 1861 (1979); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir.

23    2011), *cert. denied*, 131 S.Ct. 2964 (2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir.

24    1988).  The reasonableness of the search is determined by the context, which requires a balancing

25    of the need for the particular search against the invasion of personal rights the search entails.  *Bell*,

26    441 U.S. at 558-59 (quotations omitted); *Byrd*, 629 F.3d at 1141; *Bull v. City and Cnty. of San*

27    *Francisco*, 595 F.3d 964, 974-75 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir.

28    2010); *Michenfelder*, 860 F.2d at 332-34.

1    While Plaintiff is not a convicted criminal, he is involuntarily serving a civil commitment

2    term at a secure facility; he is not a free individual with a full panoply of rights.  Civil detainees are

3    entitled to more considerate treatment and conditions of confinement than criminals whose

4    conditions of confinement are designed to punish, *Youngberg v. Romeo*, 457 U.S. 307, 322, 102

5    S.Ct. 2452 (1982) (quotation marks omitted), but maintaining facility security and effectively

6    managing the facility are unquestionably legitimate, non-punitive government interests, *Jones v.*

7    *Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quotation marks omitted).  The bare assertion that

8    Plaintiff was searched does not support a claim, as Plaintiff is not entitled to be entirely free from

9    institutional searches.  *Bell*, 441 U.S. at 558; *see also Seaton v. Mayberg*, 610 F.3d 530, 535-36 (9th

10   Cir. 2010) (civil detainee awaiting commitment proceedings was not a free person with full civil

11   rights).

12    With respect to Plaintiff's living area and property, there must be a "reasonable expectation

13   of privacy in the area invaded" for a Fourth Amendment claim to lie.  *Espinosa v. City and County*

14   *of San Francisco*, 598 F.3d 528, 533 (9th Cir. 2010), *cert. denied*, 132 S.Ct. 1089 (2012); *Hudson*

15   *v. Palmer*, 468 U.S. 517, 525, 104 S.Ct. 3194 (1984); *Bell*, 441 U.S. at 556-57.  The contours of an

16   involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are

17   unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area

18   at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil

19   confinement.  *See Bell*, 441 U.S. at 556-57 (discussing detainee's expectation of privacy in cell or

20   room at detention facility); *see also Pesci v. Budz*, No. 2:12-cv-227-FtM-29SPC, 2012 WL 4856746,

21   at *6 (M.D. Fla. Oct. 12, 2012) (civil detainee did not have a reasonable expectation of privacy in

22   his dormitory); *Rainwater v. Bell*, No. 2:10-cv-1727 GGH P, 2012 WL 3276966, at *11 (E.D. Cal.

23   Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable

24   expectation of privacy in his jail cell); *Pyron v. Ludeman*, Nos. 10-3759 (PJS/JJG), 10-4236

25   (PJS/JJG), 2011 WL 3293523, at *6 (D. Minn. Jun. 6, 2011) (finding motion to dismiss should be

26   granted because a search of a civil detainee's personal items in his cell does not violate the Fourth

27   Amendment), *report and recommendation adopted in full*, 2012 WL 1597305 (D. Minn. Jul. 29,

28   2011), *affirmed on appeal*, 450 Fed.Appx. 555 (8th Cir. 2012); *Riley v. Doyle*, No. 06-C-574-C,

2006 WL 2947453, at *5 (W.D. Wis. Oct. 16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); *but see Hoch v. Tarkenton*, No. 1:10-cv-02258-DLB PC, 2013 WL 1004847, at *2 (E.D. Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); *Stearns v. Stoddard*, No. C11-5422-BHS-JRC, 2012 WL 1596965, at *3 (W.D. Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), *report and recommendation adopted in full*, 2012 WL 1597305 (WD. Wash. May 7, 2012).

Accordingly, the Court finds that Plaintiff's bare allegations that he, his living area, and his property were subjected to searches without probable cause are insufficient to state a claim for violation of the Fourth Amendment.

**C.**   **Privacy Claim**

Plaintiff also alleges that the searches violated his right to privacy.

"[O]ne aspect of the liberty protected by the Due Process Clause of the Fourteenth Amendment is a right of personal privacy or a guarantee of certain areas or zones of privacy." *Marsh v. County of San Diego*, 680 F.3d 1148, 1153 (9th Cir. 2012) (citing *Carey v. Population Servs. Int'l*, 431 U.S. 678, 684, 97 S.Ct. 2010 (1977)) (internal quotation marks omitted). However, "rights found in the guarantee of personal privacy are limited to those which are fundamental or implicit in the concept of ordered liberty." *Grummett v. Rushen*, 779 F.2d 491, 493-94 (9th Cir. 1985) (citing *Roe v. Wade*, 410 U.S. 113, 152, 93 S.Ct. 705 (1973)) (internal quotation marks omitted).

While Plaintiff retains a limited right of privacy while civilly committed, his amended complaint is devoid of any facts which suggest that Defendants engaged in any conduct which might

///

///

///

4

1    infringe upon this limited right.  The bare assertion that Plaintiff's right to privacy was violated

2    because he was subjected to involuntary searches does not suffice to state a claim.[1]

3          **D.     Threats**

4          Plaintiff's allegations that he was threatened and/or felt intimidated fail as a matter of law

5    to support a claim for relief under section 1983.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

6    **III.   Conclusion and Order**

7          Plaintiff's amended complaint fails to state any claims upon which relief may be granted

8    under section 1983.  Plaintiff was previously provided with notice of the deficiencies in his claims

9    and an opportunity to amend, but he was unable to cure the deficiencies and further leave to amend

10   is not warranted.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d

11   1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

12         Based on the foregoing, this action is HEREBY DISMISSED, with prejudice, for failure to

13   state a claim under section 1983.

14

15

16   IT IS SO ORDERED.

17   **Dated:    June 4, 2013**                              **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26         [1] The Court acknowledges Plaintiff's citation to *Hydrick v. Hunter*, 500 F.3d 978 (9th Cir. 2007) in support
     of his claims.  However, other claim deficiencies notwithstanding, that decision was vacated and remanded to the
27   Ninth Circuit by the Supreme Court and it may not be cited for precedent.  *Hunter v. Hydrick*, 129 S.Ct. 2431
     (2009).

28